42 F.3d 1385
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mitchell M. GARIONI, Petitioner,
v.
BOARD OF IMMIGRATION APPEALS, Respondent.
 No. 94-1555.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 17, 1994.
Decided: December 8, 1994.
 
 On Petition for Review of an Order of the Immigration & Naturalization Service. (A93-022-717)
 Mitchell M. Garioni, Petitioner Pro Se. Richard Michael Evans, Stewart Deutsch, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mitchell M. Garioni appeals from the Board of Immigration Appeals' (BIA) final order affirming the Immigration's Judge's (IJ) finding that Garioni was deportable based upon his aggravated felony convictions for murder, with a sentence of life imprisonment.
 
 
 2
 At Garioni's first deportation hearing on October 5, 1993, Garioni explained that he needed a continuance to obtain legal representation. Accordingly, the IJ granted a seven week continuance. At Garioni's second deportation hearing on November 22, 1993, Garioni claimed that he had only been served with the required papers on October 5, the day of his first hearing, and that he did not have sufficient time to obtain legal representation. However, the IJ did not grant Garioni a second continuance. The IJ found that Garioni was convicted of first degree murder, that he was an aggravated felon, and that he was therefore deportable as charged. The IJ further found that as a result of Garioni's conviction for murder, he was ineligible for any form of relief from deportation. On administrative appeal, the BIA found no error and affirmed the IJ's determinations.
 
 
 3
 On appeal, Garioni contends that he was denied due process by the denial of a second continuance to prepare for trial and obtain counsel, and that the IJ erred in finding him to be deportable. The IJ did not abuse his discretion in denying Garioni a second continuance; the record reveals that Garioni received a notice of hearing in May 1993, more than four months before his first hearing, giving him ample time to prepare and retain counsel. See Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985) (decision to grant or deny continuance to retain counsel is in sound discretion of immigration judges, and ruling will not be overturned absent clear abuse of discretion). Furthermore, Garioni failed to show that he was prejudiced by the denial of a continuance because he has not proffered any evidence that, with the assistance of legal counsel or with a continuance, would have affected the status of his deportability or his eligibility for relief from deportation. See Farrokhi v. INS, 900 F.2d 697, 702 (4th Cir.1990). The record clearly establishes that he was deportable because he was an alien and was convicted of first degree murder, an aggravated felony. 8 U.S.C.A. Secs. 1251(a)(2)(A)(iii), 1101(a)(43) (West Supp.1994).
 
 
 4
 Therefore, we affirm the BIA's decision and order and deny Appellant's motion for default judgment. We deny Appellant's motions for preparation of transcripts at government expense and for copies of the transcript because the record contains all transcripts necessary to the disposition of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED